IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CLOVERLEAF GOLF COURSE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV572 |
| | ) | |
| BAYER CROPSCIENCE LP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Interested Party. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

In this case, Plaintiff Cloverleaf Golf Course, Inc. ("Cloverleaf" or "Plaintiff") brings

this *qui tam* action for false patent marking under 35 U.S.C.A. § 292, alleging that Defendants

Bayer Cropscience LP ("Bayer"), Bayer Cropscience LP d/b/a Bayer Environmental Science,

Bayer Cropscience AG, and Bayer AG[1] have violated § 292 by falsely marking articles with

expired patents for the purpose of deceiving their competitors and the public into believing that

such articles are covered by the falsely marked patents.

However, after this action was filed, § 292 was amended by the "Leahy-Smith America

Invents Act," which became effective on September 16, 2011, Pub. L. No. 112-29 (125 Stat. 284)

---

[1] This matter was transferred to this Court from the Eastern District of Missouri. At the time of the
transfer, the Eastern District of Missouri noted that only Defendant Bayer Cropscience, LP had been served. In
this District, only Defendant Bayer Cropscience, LP has appeared in this matter. Before the transfer, Plaintiff had
apparently filed a request to serve foreign Defendants Bayer Cropscience AG and Bayer AG by alternative means.
However, the Court notes that if this Recommendation is adopted, that request is moot. The docket also reflects
that at the time of the transfer, the United States had moved to intervene [Doc. #42] to defend any challenge
to the prior version of 35 U.S.C. § 292. If the Recommendation is adopted, that motion is also moot.

(Sept. 16, 2011).  Based on this Amendment to § 292 ("the Amendment"),  Defendant Bayer has

now filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ.

P. 12(b)(1) and for Failure to State a Cause of Action Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc.

#61], contending that the Amendment abrogates Plaintiff's claims and results in the Court no

longer having subject matter jurisdiction over this action.  Specifically, the Amendment contains

two provisions that affect the claims asserted in this case.  First, the Amendment eliminates *qui*

*tam* suits under § 292 by deleting the provision allowing "any person" to sue for the penalty and

recover one-half for itself and one-half for the United States.  Pursuant to the Amendment, the

only parties that can assert claims for alleged violations of § 292 are the United States or a party

that has "suffered a competitive injury as a result of a violation" of the statute.  35 U.S.C.A.

§ 292(b) (West 2001 & Supp. 2012).  In this case, Plaintiff does not allege that it has suffered a

competitive injury.  Therefore, Plaintiff would no longer be a party entitled to assert a claim

under § 292.  Second,  the Amendment adds language specifying that it is no longer a violation

of § 292 to mark a product with "matter relating to a patent that covered that product but has

expired." 35 U.S.C.A. § 292(c) (West 2001 & Supp. 2012).  Thus, pursuant to the Amendment,

there is no longer a basis for a claim for violation of § 292 based on alleged marking of a product

with a patent that previously applied but has since expired.  The Amendment to § 292 went into

effect on September 16, 2011 and by its terms applies to every action pending at that time.  <u>See</u>

Pub. L. No. 112-29, § 16(b)(4) (125 Stat. 329) ("The amendments made by this subsection shall

apply to all cases, without exception, that are pending on, or commenced on or after, the date

2

of the enactment of this Act."); <u>Rogers v. Tristar Prods., Inc.</u>, No. 2011-1495, 2012 WL 1660604 (Fed. Cir. May 2, 2012).

In response, Plaintiff does not dispute that the Amendment abrogates all of its claims. Instead, Plaintiff contends that the Amendment is unconstitutional. <u>See</u> Pl.'s Response [Doc. #64] at 7 n.1 ("Should Relator's constitutional challenge fail, this action can be dismissed so that Relator can pursue its appeal at the Federal Circuit."). Specifically, Plaintiff contends that the Amendment to § 292 violates the Fifth Amendment Due Process Clause, violates the Fifth Amendment Takings Clause, and conflicts with the patent provisions in Article I, Section 8, Clause 8 of the Constitution. As to the Takings Clause challenge and the Due Process challenge, Plaintiff contends that the Amendment deprived Plaintiff of its "vested property right" in the *qui tam* action, without due process and without just compensation. With respect to the Due Process challenge, Plaintiff also contends that Congress's enactment of the Amendment was not for a legitimate legislative purpose and was not furthered by a rational means for implementation. However, the Court of Appeals for the Federal Circuit has recently rejected a similar challenge to the constitutionality of the Amendment under the Takings Clause and the Due Process Clause, albeit in an unpublished decision. <u>See</u> <u>Rogers</u>, 2012 WL 1660604 (noting, in a *qui tam* action involving claims that were abrogated by the Amendment, that "no 'vested' right attaches until there is a final, unreviewable judgment, so it is of no moment that [Plaintiff] expended effort and resources in filing and pursuing the complaint" and further concluding that the Amendment was supported by a "legitimate justification" and did not violate the Due Process Clause); <u>see also</u> <u>Rogers v. Conair Corp.</u>, Civ. Action No. 10-1497, 2012 WL 1443905

(E.D. Pa. Apr. 25, 2012) (finding that pending claim is not a vested property right and that Congress had a legitimate legislative purpose in passing the amendment, and that retroactive application was rational in light of these purposes); Cloverleaf Golf Course, Inc. v. FMC Corp., No. 11CV190, 2012 WL 948263 (S.D. Ill. Mar. 20, 2012) (finding that retroactivity does not deprive plaintiff of a vested property right within the meaning of the Fifth Amendment because there is no such right before a judgment has become final, that Congress had a legitimate legislative purpose for retroactive application, and that retroactive application is rationally related to the purpose of eliminating frivolous lawsuits); Seirus Innovative Accessories, Inc. v. Cabela's Inc., No. 09CV102, 2011 WL 6400630 (S.D. Cal. Oct. 19, 2011) (rejecting argument that retroactive application violates the Due Process Clause); Slack v. Bon Aqua Int'l, Inc., No. 1:10CV516, 2012 WL 1957589 (M.D.N.C. May 31, 2012) (recommending granting motion to dismiss in part because plaintiff had no vested property right in *qui tam* action and therefore there could not be a Fifth Amendment Takings Clause violation).[2]

Finally, the Court notes that Plaintiff contends that the Amendment conflicts with Article I, Section 8, Clause 8 of the Constitution, which secures the exclusive right of authors and inventors to their writings and discoveries for "limited times." Plaintiff contends that by excepting an expired patent from the reach of § 292, the statute conflicts with this mandate of a "limited" patent right. However, other courts faced with similar contentions have concluded that such a reading is "stretched" and "unconvincing," and fails to overcome the presumption

---

[2] Moreover, because there is no violation of the Takings Clause until the Government has refused to pay "just compensation," even if Plaintiff was deprived of a vested property right, its claim would be premature until it availed itself of the process provided by the Tucker Act. Cloverleaf, 2012 WL 948263; Slack, 2012 WL 1957589.

that § 292, as amended, is constitutional. <u>Cloverleaf</u>, 2012 WL 948263. Having considered Plaintiff's contention, the Court concludes that there is no basis to find the Amendment unconstitutional as alleged.

III.     CONCLUSION

For all of these reasons, the Court concludes that the Amendment to § 292 is not unconstitutional as alleged by Plaintiff. Under § 292, as amended, Plaintiff may no longer assert the claims set out in the Complaint unless Plaintiff alleges a competitive injury, which it has failed to do here. Moreover, as noted above, the allegations in the Complaint no longer state a violation of § 292 with respect to expired patents. Therefore, the Court will recommend that Defendant's Motion to Dismiss be granted.

IT IS THEREFORE RECOMMENDED that Defendant Bayer's Motion to Dismiss [Doc. #61] be GRANTED, and that this action be dismissed.

This, the 11th day of September, 2012.


                                        /s/ Joi Elizabeth Peake
                                    United States Magistrate Judge